**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Attorneys for Co-Lead Plaintiffs and*
*Co-Lead Counsel for the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAU XIANG LEONG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CAPRICOR THERAPEUTICS, INC. and LINDA MARBÁN, <br><br> Defendants. | Case No. 3:25-cv-01815-GPC-AHG <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> Judge: Gonzalo P. Curiel <br> Courtroom: 12A <br> Hearing Date: June 26, 2026, 1:30 PM |

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS .................................................................................. i

TABLE OF AUTHORITIES ............................................................................ ii

I.   INTRODUCTION ................................................................................. 1

II.  LEGAL STANDARD ........................................................................... 1

III. ARGUMENT ........................................................................................ 2

    A. Incorporation by Reference ............................................................. 2

        1.  Investor Call Transcripts .......................................................... 4

        2.  Form 8-Ks and Press Releases .................................................. 6

        3.  Exhibits that do not form the basis of Plaintiffs' claims ............... 7

    B. Judicial Notice ................................................................................ 8

        1.  Documents outside the Class Period .......................................... 8

        2.  Marbán's Form 4s and Proxy Statements ................................... 10

IV.  CONCLUSION .................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alger Dynamic Opportunities Fund v. Acadia Pharms. Inc.*,
  756 F. Supp. 3d 852 (S.D. Cal. 2024) ...................................................................8

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
  403 F. Supp. 3d 765 (N.D. Cal. 2019) ...................................................................3

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997)...................................................................................4

*Ferreira v. Funko Inc.*,
  No. LACV2002319VAPPJWX,
  2021 WL 880400 (C.D. Cal. Feb. 25, 2021)...........................................................8

*Hadian v. Fate Therapeutics, Inc.*,
  No. 3:23-CV-00111-RBM-AHG,
  2024 WL 4246083 (S.D. Cal. Sept. 19, 2024) ......................................................11

*Hsu v. Puma Biotechnology, Inc.*,
  213 F. Supp. 3d 1275 (C.D. Cal. 2016)..................................................................10

*In re BofI Holding, Inc. S'holder Litig.*,
  808 F. Supp. 3d 1107 (S.D. Cal. 2025) ...................................................................8

*In re Dermtech, Inc. Sec. Litig.*,
  No. 23-CV-1885-DMS-JLB,
  2024 WL 4941026 (S.D. Cal. Dec. 2, 2024)..........................................................11

*In re Eventbrite, Inc. Sec. Litig.*,
  No. 5:18-CV-02019-EJD,
  2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) .........................................................4

*In re Finjan Holdings, Inc.*,
  58 F.4th 1048 (9th Cir. 2023)..................................................................................4

*In re Graphics Processing Units Antitrust Litig.*,
  540 F. Supp. 2d 1085 (N.D. Cal. 2007) ...............................................................8, 9

ii

*In re Immune Response Sec. Litig.*,
  375 F. Supp. 2d 983 (S.D. Cal. 2005) .............................................................. 7, 8

*In re Obalon Therapeutics, Inc.*,
  No. 3:18-CV-0352-AJB-WVG,
  2019 WL 4729461 (S.D. Cal. Sept. 25, 2019) ............................................. 7, 11

*In re Sequenom, Inc. S'holder Litig.*,
  No. 16-CV-02054-JAH-DDL,
  2023 WL 4833465 (S.D. Cal. July 27, 2023)................................................... 7, 8

*Jones v. Micron Tech. Inc.*,
  400 F. Supp. 3d 897 (N.D. Cal. 2019) ................................................................ 6

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018)................................................................... 1, 2, 3, 4

*Khoja v. Orexigen Therapeutics, Inc.*,
  498 F. Supp. 3d 1296 (S.D. Cal. 2020) ............................................................... 7

*Longo v. OSI Sys., Inc.*,
  No. CV 17-8841 FMO (SKX),
  2020 WL 3124221 (C.D. Cal. Mar. 11, 2020) .................................................. 11

*Maiman v. Talbott*,
  No. SACV090012AGANX,
  2010 WL 11421950 (C.D. Cal. Aug. 9, 2010).................................................. 11

*Nifty Techs., Inc. v. Mango Techs., Inc.*,
  No. 24-CV-194 JLS (AHG),
  2024 WL 4230486 (S.D. Cal. Sept. 17, 2024) ................................................... 7

*No. 84 Employer–Teamster Joint Council Pension Tr. Fund v.
Am. W. Holding Corp.*,
  320 F.3d 920 (9th Cir. 2003)............................................................................. 10

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
  575 U.S. 175 (2015) ............................................................................................ 3

iii

*Reckstin Fam. Tr. v. C3 AI, Inc.*,
No. 22-CV-01413-HSG,
2026 WL 694486 (N.D. Cal. Mar. 12, 2026) ........................................................2

*Rosenow v. Facebook, Inc.*,
No. 19-CV-1297-WQH-MMP,
2025 WL 951277 (S.D. Cal. Mar. 28, 2025) ..........................................................4

*Sharenow v. Impac Mortg. Holdings, Inc.*,
385 Fed. App'x 714 (9th Cir. 2010) .....................................................................10

*Shenwick v. Twitter, Inc.*,
282 F. Supp. 3d 1115 (N.D. Cal. 2017) ................................................................10

*ShenZhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*,
No. 21CV1393-GPC(RBB),
2021 WL 5234422 (S.D. Cal. Nov. 10, 2021) ........................................................7

*Sneed v. Procter & Gamble Co.*,
779 F. Supp. 3d 1025 (N.D. Cal. 2025) ..................................................................7

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ..................................................................................4

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ................................................................................................3

*Tunac v. United States*,
897 F.3d 1197 (9th Cir. 2018) ................................................................................7

**Statutes and Regulations**

Fed. R. Civ. P. 56(d) .............................................................................................10

iv

Co-Lead Plaintiffs Maximilian Laserer and Moussa Yeroushalmi (collectively, "Plaintiffs") respectfully request the Court (i) deny Defendants' request for incorporation by reference of Defendants' Exhibits 2, 11-14, 21, 31, 32, 36, and 37 for use to dispute the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint")'s well-pled factual allegations, and to deny incorporation by reference altogether of Exhibits 16 and 19, which are only briefly mentioned in the Complaint and upon which the Complaint does not rely; (ii) deny Defendants' request for judicial notice of Exhibits 1, 3-10, 15, and 28-30; and (iii) deny Defendants' request for judicial notice of the remaining Exhibits for the truth of any matter asserted within these documents or to contradict the Complaint's well-pled factual allegations.[1]

## I.    INTRODUCTION

Defendants' request for incorporation by reference and/or judicial notice of *thirty-eight* Exhibits exemplifies the abuse and "unscrupulous use of extrinsic documents" that the Ninth Circuit explicitly warned against in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id*. Defendants do not use their Exhibits to provide the Court with a more complete picture of the issues at the heart of this Action, but instead "to present their own version of the facts at the pleading stage." *Id*. at 999. This "undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id*.

---

[1] All references to "¶" are to the numbered paragraphs of the Complaint, ECF No. 38. All references to "RJN" are to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss the Amended Complaint, ECF No. 43-2.

## II.    LEGAL STANDARD

The incorporation by reference doctrine and judicial notice pursuant to Federal Rule of Evidence 201 are the two limited exceptions to the general rule that the Court may not consider material outside the pleadings when ruling on a motion to dismiss for failure to state a claim. *Khoja,* 899 F.3d at 998.

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The doctrine is designed to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. A defendant may invoke it "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* "[T]he mere mention of the existence of a document is insufficient to incorporate [its] contents." *Id*. And "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id*.

Similarly, Rule 201 only allows judicial notice of "a fact that is not subject to reasonable dispute," either because it is (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III.    ARGUMENT

### A.    Incorporation by Reference

While Exhibits 2, 11, 12, 13, 14, 17, 20, 21, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, and 37 are referenced in the Complaint, Plaintiffs dispute the factual accuracy of such documents. Accordingly, such documents should only be considered, if at all, to reflect that they were issued and "not to resolve any factual dispute between the parties as to the substantive truth or falsity of their contents." *Reckstin Fam. Tr. v. C3 AI, Inc.*, 2026 WL 694486, at *4 (N.D. Cal. Mar. 12, 2026);

2

*see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 776-77 (N.D. Cal. 2019).

Defendants seek to manipulate the doctrine to improperly suggest that courts can consider the truth of disputed facts in referenced documents as "the full factual context." RJN 1. Not so. While Defendants cite *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), and *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175 (2015), neither decision authorizes courts to accept as true a defendant's self-serving characterization of disputed facts at the pleading stage, as Defendants attempt. *See Tellabs*, 551 U.S. at 323 (setting out general standard for review noting, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Omnicare, Inc. Sec. Litig.,* 769 F.3d 455, 469 (6th Cir. 2014) (holding that because Omnicare "does not request that we consider the documents for the truth of their content," the court will grant Omnicare's motion [for judicial notice] and consider the quotations in the Complaint in the context of the full documents from which they were taken"), *aff'd* 575 U.S. at 190. Further, *Khoja* explicitly condemns Defendants' interpretation advanced here, holding that if courts credit defendants' version of the facts as "uncontroverted and true," then "it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief." 899 F.3d at 999.

Defendants also cite a series of inapposite cases involving conclusory allegations pled in the Complaint. RJN 2-3. However, what Defendants seek here is not to dispute a pure conclusion, but to argue that the factual allegations in the Complaint are wrong – an issue reserved for the trier of fact. Because Plaintiffs have not pled conclusory allegations contradicted by Defendants' Exhibits, this line of cases is inapplicable. *See* Plaintiffs' Response in Opposition to Defendants'

Motion to Dismiss, at Sections II and III(B)(1); *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 (9th Cir. 2023) (conclusory allegations need not be accepted over specific facts from documents judicially noticed or incorporated by reference); *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) (similar); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (similar); *Rosenow v. Facebook, Inc.*, 2025 WL 951277, at *18, n.9 (S.D. Cal. Mar. 28, 2025) (similar); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (similar). And, to the extent *In re Finjan Holdings, Inc.* applies at all, it supports Plaintiffs, as it makes clear that "if [as here] specific facts alleged in the complaint contradict specific facts related in a non-legally-operative document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, the conflict is resolved in the plaintiff's favor." 58 F.4th at 1052 n. 1.

Because Defendants' use of the incorporation by reference doctrine exceeds the permissible use defined in *Khoja*, it should be rejected. 899 F.3d at 1003.

### 1. Investor Call Transcripts

Defendants seek incorporation by reference of Exhibits 2, 11-14, and 37, not to show that statements were made during conference calls, but to argue that the statements should be accepted as proof of facts that contradict the Complaint's alleged facts. The Complaint is premised on the fact that Defendants' statements, including those in Exhibits 11-14, are false or misleading. ¶¶273-76, 286-89, 293-99, 309-11. While Plaintiffs take no position on the Court observing what was said, the Court cannot use what was said to resolve questions of disputed fact. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) (declining to consider conference call transcripts when the plaintiffs questioned the accuracy of those transcripts).

That impermissible purpose is exactly what Defendants attempt here:

**Exhibit 2 – July 11, 2025 Investor Call Transcript**: Defendants use Exhibit 2 to dispute the Complaint's well-pled factual allegations regarding the sufficiency of the HOPE-2 data, arguing that it "met the trial's primary efficacy endpoint…and several secondary endpoints" and that there were "no major issues" with the Company's Biologics License Application submission (the "BLA"). DM 4, 8, 14-15; ¶¶168-79, 207-15, 300, 303.

**Exhibit 11 – September 24, 2024 Investor Call Transcript**: Defendants use Exhibit 11 to dispute the Complaint's well-pled factual allegations that the United States Food and Drug Administration ("FDA") required the HOPE-3 data for Capricor's BLA submission, arguing that the "FDA had an a-ha moment," reversed its past stance, and did not require Defendants to submit HOPE-3 data in support of Capricor's BLA. DM 12; ¶¶168-79, 207-15, 273-76.

**Exhibit 12 – November 13, 2024 Investor Call Transcript**: Defendants use Exhibit 12 to dispute the Complaint's well-pled factual allegations that Capricor's San Diego facility was replete with chemistry, manufacturing, and control ("CMC") deficiencies, arguing that it was instead "derisked." DM 21; ¶¶180-206, 286-89.

**Exhibit 13 – March 19, 2025 Investor Call Transcript**: Defendants use Exhibit 13 to dispute the Complaint's well-pled factual allegations that Defendants omitted the FDA's demand for the HOPE-3 data, and assert that "Capricor had disclosed the FDA's earlier view that Phase 3 data would be necessary for BLA approval". DM 13; ¶¶152-79, 207-15, 293-99.

**Exhibit 14 – May 13, 2025 Investor Call Transcript**: Defendants use Exhibit 14 to dispute the Complaint's characterization of the 50 information requests Capricor received from the FDA, arguing that it was a standard part of a BLA review. DM 14-15; ¶¶222, 309-11.

**Exhibit 37 – August 11, 2025 Investor Call Transcript**: Defendants use Exhibit 37 to dispute the Complaint's well-pled factual allegations that CMC deficiencies remained and Defendants had failed to remedy the CMC deficiencies noted in the FDA's Form 483, arguing that Capricor had, in fact, addressed all of the CMC deficiencies identified in the FDA's Form 483. DM 19-20; ¶¶180-206, 223-37, 260-61.

5

The incorporation by reference doctrine does not permit such use. *See Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905-06 (N.D. Cal. 2019) (rejecting the incorporation by reference of earnings call transcripts because the defendants could "attempt to use these documents to create a disputed version of the facts alleged and/or to create a defense to the allegations in the Complaint").

### 2.    Form 8-Ks and Press Releases

The Court should likewise reject the incorporation by reference of Exhibits 21, 31, 32, and 36 to improperly dispute facts stated in Plaintiffs' well-pleaded Complaint:

**Exhibit 21 – July 11, 2025 Form 8-K:** Defendants use Exhibit 21 to dispute the FDA's Complete Response Letter ("CRL")'s contents and the well-pled factual allegations that the FDA required Defendants to submit the HOPE-3 data in support of the BLA or that CMC deficiencies still existed at Capricor's San Diego facility, arguing that the lack of HOPE-3 data and CMC deficiencies were not reasons the CRL was issued. DM 8, 20; ¶¶164-66, 180-206.

**Exhibit 31 – September 24, 2024 Form 8-K:** Defendants use Exhibit 31 to dispute the Complaint's well-pled factual allegations that the FDA communicated to Defendants that the HOPE-3 data was required to be submitted in support of their BLA. DM 6; ¶¶168-79, 207-15, 266-72.

**Exhibit 32 – October 11, 2024 Press Release**: Defendants use Exhibit 32 to dispute the Complaint's well-pled factual allegations that the FDA communicated to Defendants that the HOPE-3 data was required to be submitted in support of their BLA, arguing that the FDA was supportive of Capricor submitting the BLA without the HOPE-3 data. DM 6; ¶¶168-79, 207-15.

**Exhibit 36 – June 11, 2025 Press Release**: Defendants use Exhibit 36 to dispute the Complaint's well-pled factual allegations that the Pre-License Inspection of the Company's San Diego facility was not "successful" and that the CMC deficiencies noted by the FDA were significant, arguing that the Pre-License inspection was, in fact, successful. DM 7; ¶¶312-15.

As with Exhibits 2, 11-14, and 37, Defendants improperly use Exhibits 21,

6

31, 32, and 36 to dispute the Complaint's well-pled factual allegations. This abuse should be rejected. *See ShenZhen JingPinCheng Elec. Tech. Co. v. Blisslights, LLC*, 2021 WL 5234422, at *11 (S.D. Cal. Nov. 10, 2021) (affirming that a court may not use the incorporation by reference or judicial notice of documents outside of the complaint to resolve factual disputes); *In re Obalon Therapeutics, Inc.*, 2019 WL 4729461, at *4 (S.D. Cal. Sept. 25, 2019) (declining to notice documents to argue disputed facts to demonstrate that defendants did not violate federal securities laws).

### 3. Exhibits that do not form the basis of Plaintiffs' claims

Defendants ask the Court to incorporate by reference Exhibits 16 and 19, but concede that each of these Exhibits is merely "referenced" once. Even Defendants do not contend that they "form the basis of Plaintiffs' claims." RJN at 5. Thus, by Defendants' own admission, these Exhibits fall outside the incorporation by reference doctrine. *Sneed v. Procter & Gamble Co.*, 779 F. Supp. 3d 1025, 1030 (N.D. Cal. 2025) ("The mere mention of the existence of a document is insufficient to incorporate the contents of a document."); *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (same).

Neither Exhibit 16 nor 19 is central to Plaintiffs' claims or quoted extensively. The Complaint cites Exhibit 16 solely to reference the number of record holders of common stock and the number of outstanding shares. ¶363. Similarly, the Complaint cites Exhibit 19 only once in a footnote to describe the background of Forms 483. ¶185, n.15. A single, passing reference is not sufficient for incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 498 F. Supp. 3d 1296, 1303-04 (S.D. Cal. 2020) (declining to incorporate by reference exhibit that was only referenced once in a footnote in a 67-page complaint); *In re Sequenom, Inc. S'holder Litig.*, 2023 WL 4833465, at *5 (S.D. Cal. July 27, 2023) (same); *Nifty Techs., Inc. v. Mango Techs., Inc.*, 2024 WL 4230486, at *3 (S.D. Cal. Sept. 17, 2024) (same).

Because the "Complaint does not extensively refer to [Exhibits 16 and 19];

7

nor do Plaintiffs' claims necessarily rely on them[,]" but "[r]ather, Defendants offer the documents as evidence that Defendants did not commit securities violation[s]," Exhibits 16 and 19 cannot properly be incorporated by reference. *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005); *see also In re Sequenom*, 2023 WL 4833465, at *5 (refusing to incorporate by reference press releases and SEC forms "because they are not extensively referenced in the Amended Complaint").

### B.    Judicial Notice

Plaintiffs take no position on judicial notice of Exhibits 2, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 31, 32, 33, 34, 35, 36, 37, and 38 for the fact of issuance, but such Exhibits cannot be noticed for the truth of their contents or to dispute well-pled factual allegations. *See In re BofI Holding, Inc. S'holder Litig.,* 808 F. Supp. 3d 1107, 1124 (S.D. Cal. 2025) ("the Court will not take judicial notice of the truth of any disputed facts contained" in the judicially noticed documents); *Alger Dynamic Opportunities Fund v. Acadia Pharms. Inc.*, 756 F. Supp. 3d 852, 861 (S.D. Cal. 2024) ("The Court need not consider any Exhibit for the truth of its contents"). As the Complaint alleges, Plaintiffs dispute the accuracy of the contents of those documents, and are entitled to have that dispute resolved by the trier of fact. Defendants' other requests for judicial notice are improper and should be rejected.

### 1.    Documents outside the Class Period

Defendants improperly cite ten cherry-picked Exhibits that pre- or post-date the Class Period, were never referenced in the Complaint, and do not form the basis of the claims alleged. *See* ECF No. 43-2 & Exhibits 1, 3-10, and 15 thereto. Judicial notice of such extraneous documents is inappropriate. *See Ferreira v. Funko Inc.*, 2021 WL 880400, at *8 (C.D. Cal. Feb. 25, 2021) (declining as irrelevant judicial notice of filings from outside the class period); *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1091 (N.D. Cal. 2007) (refusing to take

8

judicial notice of SEC filings that were never referenced in the complaint).

Here, Defendants' proposed usage is particularly egregious. Defendants seek to use six of the ten Exhibits to construct an alternative narrative based entirely on events that occurred before the Class Period, purely on the say-so of Defendants themselves, asserting that the FDA reversed its demand for the HOPE-3 data, but then secretly reversed itself again months later:

**Exhibit 3 – February 26, 2026 Article by FierceBiotech**: Defendants use Exhibit 3 to dispute the Complaint's well-pled factual allegations that the FDA had always required Capricor to submit the HOPE-3 data in support of their BLA, arguing that the FDA had instead reversed itself without warning in 2025. DM 2; ¶¶168-79, 207-15.

**Exhibit 4 – March 6, 2026 Article by CNBC**: Defendants use Exhibit 4 to dispute the Complaint's well-pled factual allegations that the FDA had always required Capricor to submit the HOPE-3 data in support of their BLA, arguing that the FDA had instead reversed itself without warning in 2025. DM 2; ¶¶168-79, 207-15.

**Exhibit 5 – March 5, 2026 Article by the New York Times**: Defendants use Exhibit 5 to dispute the Complaint's well-pled factual allegations that the FDA had always required Capricor to submit the HOPE-3 data in support of their BLA, arguing that the FDA had instead reversed itself without warning in 2025. DM 2; ¶¶168-79, 207-15.

**Exhibit 6 – February 24, 2026 Article by the Wall Street Journal**: Defendants use Exhibit 6 to dispute the Complaint's well-pled factual allegations that the FDA had always required Capricor to submit the HOPE-3 data in support of their BLA, arguing that the FDA had instead reversed itself without warning in 2025. DM 2; ¶¶168-79, 207-15.

**Exhibit 10 – March 12, 2022 Article by The Lancet**: Defendants use Exhibit 10 to dispute the Complaint's well-pled factual allegations that the HOPE-2 trial was compromised in execution and design, and that the HOPE-2 data was not statistically significant, arguing that the HOPE-2 data was, in fact, strong. DM 4; ¶¶119-32.

**Exhibit 15 – August 2023 Article by Circ. Heart Failure**: Defendants use Exhibit 15 to dispute the Complaint's well-pled factual allegations

9

that the data from the HOPE-2 trial and the HOPE-2 OLE was insufficient, and the FDA required the HOPE-3 data for any BLA, arguing that the FDA had determined in 2024 that the HOPE-3 data was not necessary because of the strength of the HOPE-2 data. DM 5-6, 12; ¶¶119-32, 168-79, 207-15.

Because Defendants have improperly relied on documents outside of the Complaint to dispute the Complaint's well-pled factual allegations, the Court should refuse to consider Exhibits 1, 3-10, and 15 unless the Court chooses to convert Defendants' motion into one for summary judgment. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1279-85 (C.D. Cal. 2016). Should the Court do so, Plaintiffs will promptly file a declaration pursuant to Fed. R. Civ. P. 56(d) explaining the expedited discovery needed to fairly respond.

## 2.    Marbán's Form 4s and Proxy Statements

The Complaint does not allege Marbán's personal trading and does not assert it as a basis for scienter. *See Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1149 (N.D. Cal. 2017) (citing *Sharenow v. Impac Mortg. Holdings, Inc.*, 385 Fed. App'x 714, 717 n.2 (9th Cir. 2010) and *No. 84 Employer–Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 944 (9th Cir. 2003)) (defendants' stock dealings irrelevant because, like here, the complaint did "not rely on allegations of an improper financial motive to demonstrate scienter, nor does it reference stock sales"). Nonetheless, Defendants impermissibly request judicial notice of trading records and proxy statements (Exhibits 28-30) to argue, contrary to well-pleaded factual allegations, that Marbán's misrepresentations should be assumed innocent because her personal holdings increased. RJN 8-10; DM 22. At best, the documents show that Marbán received, as part of her compensation, options to purchase stock at discounted prices not available to other market participants. It is unclear how such a below-market purchase could be construed as anything but a windfall, but here the facts are even more murky than usual—the Form 4s admit that some of the options exercised were at least partially tied to a

10

"domestic relations order." *See* ECF No. 43-31 at 2 nn.1-2, 5 n.1. Plaintiffs are entitled to cross-examine Marbán as to the circumstances of these transactions. *See In re Dermtech, Inc. Sec. Litig.,* 2024 WL 4941026, at *2-3 (S.D. Cal. Dec. 2, 2024) (refusing to "assume the truth of the matters asserted" in the Form 4s); *Hadian v. Fate Therapeutics, Inc.*, 2024 WL 4246083, at *9 (S.D. Cal. Sept. 19, 2024) (refusing to assume the truth of the matters asserted in the Form 4s "for the purposes of disputing Plaintiffs' trading and scienter allegations"); *Longo v. OSI Sys., Inc.*, 2020 WL 3124221, at *1 (C.D. Cal. Mar. 11, 2020) (refusing to incorporate Form 4s "because they are being used to support a defense to the well-pled allegations in the complaint").

Accordingly, Defendants' attempt to use judicial notice of Exhibits 28-30 to argue that Marbán's below-market stock acquisition impacts scienter is impermissible and should be rejected. DM 22; *Maiman v. Talbott*, 2010 WL 11421950, at *6-7 (C.D. Cal. Aug. 9, 2010) (refusing to take judicial notice of stock purchases within the class period because a court may not take judicial notice of the truth of the contents of any SEC filings and, like Marbán, the defendant failed to provide any context of the stock purchases reflected in the Form 4s).[2]

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court (i) deny Defendants' request for incorporation by reference of Defendants' Exhibits 2, 11-14, 21, 31, 32, 36, and 37 for use to dispute the Complaint's well-pled factual allegations, and to deny incorporation by reference altogether of Exhibits 16 and 19, which are only briefly mentioned in the Complaint and upon which the Complaint does not rely; (ii) deny Defendants' request for judicial notice of Exhibits 1, 3-10, 15, and 28-30; and (iii) deny Defendants' request for judicial notice of the remaining Exhibits for the truth of any matter asserted within these

---

[2] Furthermore, Exhibits 28-30 are not referenced in the Complaint as a basis of Plaintiffs' claims and should not be considered. *Obalon,* 2019 WL 4729461, at *4.

11

documents or to contradict the Complaint's well-pled factual allegations.

Dated: April 27, 2026

Respectfully submitted,

**POMERANTZ LLP**
*/s/ Christopher P.T. Tourek*
Christopher P.T. Tourek

Joshua B. Silverman (*pro hac vice*)
Christopher P.T. Tourek (*pro hac vice*)
Genc Arifi (*pro hac vice*)
10 S. LaSalle St., Ste. 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
jsilverman@pomlaw.com
ctourek@pomlaw.com
garifi@pomlaw.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Devyn R. Glass
(*pro hac vice* application forthcoming)
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Telephone: (213) 985-7290
aapton@zlk.com
dglass@zlk.com

*Attorneys for Co-Lead Plaintiffs and Co-Lead Counsel for the Class*

**PORTNOY LAW FIRM**
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming*)*
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Moussa*

12

*Yeroushalmi*

Plaintiffs' Response in Opposition to Defendants' Request for Judicial Notice, Case No. 3:25-cv-01815-GPC-AHG

**CERTIFICATE OF SERVICE**

I, Christopher P.T. Tourek, declare:

I am employed in Chicago, Illinois. I am over the age of eighteen and not a party to the within-entitled action. My business address is 10 South LaSalle Street, Suite 3505, Chicago, Illinois 60603. On April 27, 2026, I electronically filed Plaintiffs' Response in Opposition to Defendants' Request for Judicial Notice with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

I declare under penalty of perjury that the above is true and correct. Executed on April 27, 2026, at Chicago, Illinois.

*/s/ Christopher P.T. Tourek*
Christopher P.T. Tourek

Plaintiffs' Response in Opposition to Defendants' Request for Judicial Notice, Case No. 3:25-cv-01815-GPC-AHG